LESSEE of BURTON WAPLES *vs.* EPHRAIM HARMAN, tenant.

Devise to A. "to be holden of him, his heirs and assigns forever. But in case A. should decease without lawful issue, then the lands given unto him shall go and descend unto B. him and his heirs lawfully begotten of his body forever"—gives A. but *an estate tail.*

EJECTMENT.   Case stated.

"Burton Waples being seized of the lands, &c. in the declaration mentioned, on the 16th of August, A. D. 1796, duly made and published his last will and testament in writing, attested signed as by law is required to pass real estate in the state of Delaware.   The testator by his said will devised the said lands, &c. to Woolsey Waples by the following words—"I give and bequeath unto my grandson Woolsey Waples, the remainder of the tract of land whereon I now dwell called 'Batchelor's lot,' being the eastmost part of the tract which I bought of my brother Peter Waples, afsd. adjoining the Indian river; also ten acres of land which I bought of Catharine Godwin, adjoining the land afsd.; and also seventy-five acres of land which I bought of Stockley Waples, and being part of the land called 'Batchelor's lot', and part of the land called 'Cheat,' with the appurtenances thereunto belonging, and to be holden of him, his heirs and assigns forever.   But in case my grandson Woolsey Waples should decease without lawful issue, then the lands given unto him shall go and descend unto my grandson Wallace Waples, him and his heirs lawfully begotten of his body forever."   The said Wallace Waples to whom the said lands are limited and devised over in the event of the death of the said Woolsey without issue, was a near relation of, and capable of being collateral heir to, the said Woolsey. The said Woolsey and Wallace survived the said testator.   The said Woolsey was lawfully married to a certain Nancy Waples, who has survived him, and by whom he had issue five children, of whom the plff., the said Burton Waples is the first and eldest son, and who has brought this ejectment to recover the possession of the lands, &c, devised to the said Woolsey as afsd.   The deft. Ephraim Harman is in possession as the tenant of the said Nancy Waples.   The plff. claims all the lands devised as afsd. to Woolsey Waples, except such part thereof as has been assigned to the said Nancy for dower.

The question was whether Woolsey Waples took a fee simple or an estate tail under the will of his grandfather.   The court were of opinion that the said will passed but an estate tail; and directed judgment to be entered for the plff. for such part of the land devised as was not included in the widow's dower.  16 *Johns. Rep.* 382.  *Anderson* vs. *Jackson.*

*Cullen,* for plaintiff.   *Layton,* for defendant.